

NOV 2 6 2007

**FILED**

NOV 2 6 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ERNESTINE BROWN,                    )
                                    )
    Plaintiff,                  )    07CV6634
                                    )    JUDGE ASPEN
    v.                          )    MAG. JUDGE VALDEZ
                                    )
WILL COUNTY SHERIFF DEPARTMENT and )
WILL  COUNTY SHERIFF PAUL J.KAUPAS, )
in his official capacity, Unknown WILL )
COUNTY ADULT DETENTION FACILITY     )
HEALTH CARE PROVIDERS, and Unknown  )
WILL COUNTY ADULT DETENTION         )
FACILITY CORRECTIONAL OFFICERS,     )
                                    )
    Defendants.                 )    JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, **ERNESTINE BROWN**, by her attorney, John S. Bishof, Jr. of the

La w Office of John Bishof, PC, and complaining of Defendants, **WILL COUNTY SHERIFF**

**DEPARTMENT, WILL COUNTY SHERIFF PAUL J. KAUPAS**, sued in his official capacity,

Unknown **WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE**

**PROVIDERS**, and Unknown **WILL COUNTY ADULT DETENTION FACILITY**

**CORRECTIONAL OFFICERS**, sued in their individual capacities, states as follows

### Introduction

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under

color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3.    Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all defendants

reside in this judicial district and the events giving rise to the claims asserted herein all occurred within this district.

## Background

4.     Plaintiff, Ernestine Brown, currently resides in Decatur, Illinois, where she lives with her daughter.

5.     On and before November 26, 2006, plaintiff was incarcerated in the Will County Adult Detention Facility (hereinafter, "WCADF"), charged with committing a non-violent drug possession offense.

6.     On November 26, 2006, Plaintiff's daughter delivered to defendants several prescription medications prescribed by plaintiff's medical providers for the purposes of controlling, monitoring and treating plaintiff's diabetes.

7.     On said date, plaintiff's daughter also delivered the scripts and necessary documents that clearly indicated these medications were prescribed for plaintiff for the purposes to control, monitor and treat her serious illness of diabetes and other ailments.

8.     Although plaintiff's medical conditions were known to both the Unknown WCADF Correctional Officers (hereinafter, "Correctional Officers") and the Unknown WCADF Health Care Providers (hereinafter, "Health Care Providers"), her repeated requests for medical attention were largely ignored.

9.     Specifically, the defendants, Correctional Officers/Health Care Providers, refused to allow plaintiff access to any of the medications that were prescribed by her medical providers.

10.     Although plaintiff repeatedly made requests to the defendants to release the medications prescribed by her medical providers, defendants' only concession was to allow plaintiff

2

to see medical personnel at the WCADF.

11.     On the few occasions Plaintiff was seen by the medical personnel at the WCADF, the care was wholly and manifestly inadequate in light of her condition. The medication prescribed was incomplete and contraindicated to what plaintiff had received by her medical providers.

12.     Plaintiff conveyed her complaints and concerns regarding the inadequate, incomplete and inappropriate medical care, treatment and prescribed medication to the defendants and said complaints and concerns were ignored by defendants during the entire period of her confinement of approximately seven months.

13.     On or about December 16, 2006, defendants transported the plaintiff by paddy wagon to the Will County Health Care Facility.

14.     On said date Plaintiff was placed in metal restraints affixed to her arms and legs which impeded her balance and mobility.

15.     While stepping into the vehicle unaided, plaintiff suddenly and without warning, fell because the step, which was in disrepair, gave way causing severe injuries to her left extremity.17.

16.     Defendant knew or should have known that the entrance step to the back of the paddy wagon was broken and in disrepair prior to the time of plaintiff's fall.

17.     During the course of plaintiff's incarceration, defendants failed to provide adequate, and appropriate medical care, treatment and medication to mend, heal and/or treat her injury.

18.     Plaintiff was released from the WACDF in the first week of April of 2007. She immediately sought and received emergency medical care from St. Mary's Hospital located in Decatur, Illinois for the untreated medical ailments she had complained about to the defendants, including, uncontrolled Type 2 diabetes with hypoglycemia, hypertension, hyperlipidemia, peripheral

3

vascular disease, left leg ulcer infected with MRSA .

19.    Plaintiff was repeatedly treated at St. Mary's Hospital during the time period of April 2007 until the present as a result of the exacerbation of her several untreated medical ailments.

## COUNT 1 – 42 U.S.C. § 1983

### (Cruel and Unusual Punishment)

1 - 19.    Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 19 above, and states further in this Count I.

20.    As described more fully above, while plaintiff was incarcerated at the WCADF, the defendants, acting under color of law and withing the scope of their respective positions in the Sheriff's Department, withheld prescribed medication for her diabetes and failed to provide her with adequate medical attention.

21.    The conduct of the Correctional Officers and Health Care Providers was objectively unreasonable and deliberately indifferent to plaintiff's objectively serious medical needs.

22.    This misconduct was undertaken with malice, wilfulness and reckless indifference to the rights of others including the plaintiff.

23.    The actions of the Correctional Officers and Health Care Providers proximately caused the injuries suffered by the plaintiff.

24.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Will County Sheriff's Department, which operates the Will County Adult Detention Center and other detention facilities, and for which Will County Sheriff Paul J. Kaupas is responsible, in that:

a.    As a matter of both policy and practice, the Will County Sheriff's Department

4

directly encourages, and is thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control its correctional officers and health care providers such that its failure to do so manifests deliberate indifference. Specifically, these defendants provide woefully inadequate medical attention to persons like plaintiff who are incarcerated at the WCADF and in need, and/or withhold prescribed medicines needed to treat serious medical conditions from these persons;

b.      As a matter of both policy and practice, the Will County Sheriff's Department facilitates the very type of constitutional violation at issue here by failing to adequately punish and discipline prior instances of correctional officers and health care providers' failure to provide adequate medical attention to persons like plaintiff who are incarcerated at the WCADF; and/or withhold prescribed medicines needed to treat serious medical conditions from these persons;

c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, correctional officers and health care providers at the WCADF frequently violate the constitutional rights of citizens by failing to provide adequate medical attention and/or withheld prescribed medicines needed to treat serious medical conditions in a manner similar to that alleged by the plaintiff in this Count and yet the Will County Sheriff's Department only finds acts of wrongdoing in a disproportionately small number of cases;

d.      Policy makers with final authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the WCADF, by which correctional officers and health care providers fail to report incidents of not providing adequate medical attention to persons like plaintiff who are incarcerated at the WCADF or report instances of withholding prescribed medication for serious medical conditions as described in this Count.

5

e.    The Will County Sheriff's Department has failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged in this complaint.

f.    The Will County Sheriff's Department has a stated policy of withholding prescribed medication for all persons including those persons like plaintiff who have serious medical needs and are incarcerated at the WCADF.

25.    As a result of the above-described wrongful infringement of plaintiff's rights, plaintiff has suffered damages, including but not limited needless pain and suffering, emotional distress, additional medical care, surgeries, tests and prescription drugs which have harmful, residual side effects.

WHEREFORE, plaintiff, **ERNESTINE BROWN**, respectfully requests that this Court enter judgment in her favor and against the defendants, **WILL COUNTY SHERIFF'S DEPARTMENT, WILL COUNTY SHERIFF PAUL J. KAUPAS**, sued in his official capacity, Unknown **WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS**, and Unknown **WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS**, sued in their individual capacities awarding compensatory damages and attorneys' fees, along with punitive damages against Unknown **WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS**, and Unknown **WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS**, sued in their individual capacities.

### COUNT II – State Law Claim

### Personal Injury

6

1 - 25.  Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 25 of Count I as paragraphs 1 - 25 in Count II.

26.    On December 16, 2006, and a long time prior thereto, defendants, Will County Sheriff's Department and Will County Sheriff, Paul J. Kaupas, were duly authorized to, manage, operate, control and maintain a fleet of vehicles, including but not limited to, paddy wagons, squad cars, unmarked vehicles and others within the, County of Will, State of Illinois.

27.    That on said date, and a long time prior thereto, the defendants, maintained, inspected, repaired, operated and controlled a paddy wagon that was used to transport the plaintiff on December 16, 2006 to a Will County health center in Will County, Illinois.

28.    That on said date, prior to transporting plaintiff to the health center, plaintiff was placed in metal restraints affixed to her arms and legs which impeded her balance and mobility.

29.    While stepping into the rear of the paddy wagon vehicle unaided, plaintiff suddenly and without warning, fell because the step, which was in disrepair, gave way causing severe injuries to her left extremity.

30.    Defendant knew or should have known that the entrance step to the back of the paddy wagon was broken and in disrepair prior to the time of plaintiff's fall.

31    That on said date, the defendants, by and through their agents, maintained, inspected, repaired, operated and controlled said paddy and had a duty to those persons including plaintiff, to exercise reasonable care for their safety.

32.    That not withstanding said duty, the defendants, by and through their agents, were guilty of one or more of the following negligent acts or omissions:

7

a.    Failed to inspect, maintain, repair and replace the rear step of the paddy wagon knowing that such step was broken and in disrepair;

b.    Carelessly and negligently allowed plaintiff to enter the rear of the paddy wagon, knowing said paddy wagon had a step in disrepair, and further knew or should have known that the plaintiff would more than likely fall since she was unassisted and impeded by the restraints defendants placed upon her person.

c.    Failed to warn plaintiff that the rear step of the paddy wagon was broken knowing that plaintiff could fall;

33.    That as a direct and proximate cause of one or more of the aforesaid negligent acts or omissions on the part of the defendants, the plaintiff, fell onto the ground causing her to sustain severe injuries to her person. The plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of such injuries.

WHEREFORE, plaintiff, **ERNESTINE BROWN**, respectfully requests that this Court enter judgment in her favor and against the defendants, **WILL COUNTY SHERIFF'S DEPARTMENT**, and **WILL COUNTY SHERIFF PAUL J. KAUPAS**, sued in his official capacity, in a sum in excess of one hundred thousand ($100,000.00) dollars, costs of suit, and such other and further relief as the Court may deem just and proper.

### COUNT III – State Law Claim

### Intentional Infliction of Emotional Distress

8

1 - 33.  Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 33 of Count II as paragraphs 1 - 33 in Count III.

34.    As described more fully in the preceding paragraphs, the unknown Correctional Officers and Health Care Providers, engaged in extreme and outrageous conduct with respect to plaintiff, to wit, they refused to provide her with adequate medical attention and refused to provide her prescribed medication despite her objectively serious medical needs.

35.    This misconduct described in this Count was rooted in an abuse of power or authority.

36.    The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

37.    The misconduct described in this Count was undertaken with malice, wilfulness and reckless indifference to the rights of plaintiff and others.

38.    As a proximate result of this misconduct, plaintiff suffered severe and unwanted additional pain and suffering and emotional distress and anguish.

WHEREFORE, plaintiff, **ERNESTINE BROWN**, respectfully requests that this Court enter judgment in her favor and against the defendants, **WILL COUNTY SHERIFF'S DEPARTMENT, WILL COUNTY SHERIFF PAUL J. KAUPAS,** sued in his official capacity, Unknown **WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS,** and Unknown **WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS,** sued in their individual capacities awarding compensatory damages and attorneys' fees, along with punitive damages against Unknown **WILL COUNTY**

9

**ADULT DETENTION FACILITY HEALTH CARE PROVIDERS**, and Unknown **WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS**, sued in their individual capacities.

Respectfully submitted,

John S. Bishof, Jr.
#213926
LAW OFFICE OF JOHN BISHOF, PC
77 W. Washington St., Suite 1910
Chicago, IL 60602
312-630-2048 Phone
312-630-2085 Fax

10