IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE BROWN, | ) |
|        Plaintiff, | ) |
|        v. | ) No. 07 C 6634 |
| WILL COUNTY SHERIFF DEPARTMENT and WILL COUNTY SHERIFF PAUL J. KAUPAS, in his official capacity, Unknown WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS, and Unknown WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS, | ) |
|        Defendants. | ) |

### DEFENDANTS' ANWSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendants Will County Sheriff's Department and Will County Sheriff Paul J. Kaupas, in his official capacity, by their attorneys, Querrey & Harrow, appointed as Special State's Attorney, and for their answer and affirmative defenses, state as follows:

### Introduction

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**: Defendants admit that this matter is brought pursuant to 42 U.S.C. § 1983, but deny the remainder of the allegations set forth in paragraph 1.

### Jurisdiction and Venue

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER**: Defendants admit the allegations in paragraph 2.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all defendants reside in this judicial and the events giving rise to the claims asserted herein all occurred within this district.

**ANSWER**: Defendants admit the allegations in paragraph 3.

## Background

4. Plaintiff, Ernestine Brown, currently resides in Decatur, Illinois, where she lives with her daughter.

**ANSWER**: Defendants have insufficient knowledge and information to form a belief as to the allegations set forth in paragraph 4.

5. On and before November 26, 2006, plaintiff was incarcerated in the Will County Adult Detention Facility (hereinafter "WCADF"), charged with committing a non-violent drug possession offense.

**ANSWER**: Defendants admit that Ernestine Brown was incarcerated in the Will County Adult Detention Facility, but deny the remainder of the allegations set forth in paragraph 5.

6. On November 26, 2006, Plaintiff's daughter delivered to defendants several prescription medications prescribed by plaintiff's medical providers for the purposes of controlling, monitoring and treating physician's diabetes.

**ANSWER**: Defendants have insufficient knowledge and information to form a belief as to the allegations set forth in paragraph 6.

7. On said date, plaintiff's daughter also delivered the scripts and necessary documents that clearly indicated these medications were prescribed for plaintiff for the purposes to control, monitor and treat her serious illness of diabetes and other ailments.

2

**ANSWER**: Defendants have insufficient knowledge and information to form a belief as to the allegations set forth in paragraph 7.

8. Although plaintiff's medical conditions were known to both the Unknown WCADF Correctional Officers (hereinafter, "Correctional Officers") and the Unknown WCADF Health Care Providers (hereinafter, "Health Care Providers"), her repeated requests for medical attention were largely ignored.

**ANSWER**: Defendants deny the allegations set forth in paragraph 8.

9. Specifically, the defendants, Correctional Officers/Health Care Providers, refused to allow plaintiff access to any of the medications that were prescribed by her medical providers.

**ANSWER**: Defendants deny the allegations set forth in paragraph 8.

10. Although plaintiff repeatedly made requests to the defendants to release the medications prescribed by her medical providers, defendants' only concession was to allow plaintiff to see medical personnel at the WCADF.

**ANSWER**: Defendants admit that plaintiff was allowed access to medical staff, but deny the remainder of the allegations set forth in paragraph 10.

11. On the few occasions Plaintiff was seen by the medical personnel at eth WCADF, the care was wholly and manifestly inadequate in light of her condition. The medication prescribed was incomplete and contraindicated to what plaintiff had received by her medical providers.

**ANSWER**: Defendants deny the allegations set forth in paragraph 11.

12. Plaintiff conveyed her complaints and concerns regarding the inadequate, incomplete and inappropriate medical care, treatment and prescribed medication to the

defendants and said complaints and concerns were ignored by defendants during the entire period of her confinement of approximately seven months.

**ANSWER**: Defendants deny the allegations set forth in paragraph 12.

13. On or about December 16, 2006, defendants transported the plaintiff by paddy wagon to the Will County Health Care Facility.

**ANSWER**: Defendants admit that Plaintiff was transferred on December 16, 2006, but deny the remainder of the allegations set forth in paragraph 13.

14. On said date Plaintiff was placed in metal restraints affixed to her arms and legs which impeded her balance and mobility.

**ANSWER**: Defendants deny the allegations set forth in paragraph 14.

15. While stepping into the vehicle unaided, plaintiff suddenly and without warning, fell because the step, which was in disrepair, gave way causing severe injuries to her left extremity.

**ANSWER**: Defendants deny the allegations set forth in paragraph 15.

16. Defendant knew or should have known that the entrance step to the back of the paddy wagon was broken and in disrepair prior to the time of plaintiff's fall.

**ANSWER**: Defendants deny the allegations set forth in paragraph 16.

17. During the course of plaintiff's incarceration, defendants failed to provide adequate, and appropriate medical care, treatment and medication to mend, heal and/or treat her injury.

**ANSWER**: Defendants deny the allegations set forth in paragraph 17.

18. Plaintiff was released from WACDF in the first week of April of 2007. She immediately sought and received emergency medical care from St. Mary's Hospital located in

Decatur, Illinois for the untreated medical ailments she had complained about to the defendants including, uncontrolled Type 2 diabetes with hypoglycemia, hypertension, hyperlipidemia, peripheral vascular disease, left leg ulcer infected with MRSA.

**ANSWER**: Defendants have insufficient knowledge and information to form a belief as to the allegations set forth in paragraph 18.

19. Plaintiff was repeatedly treated at St. Mary's Hospital during the time period of April 2007 until the present as a result of the exacerbation of her several untreated medical ailments.

**ANSWER**: Defendants have insufficient knowledge and information to form a belief as to the allegations set forth in paragraph 19.

### COUNT I – 42 U.S.C. § 1983
### (Cruel and Unusual Punishment)

1-19. Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 19 above, and states further in this Count I.

**ANSWER**: Defendants restate and reincorporate their answers to paragraphs 1-19 for their answer to paragraph "1-19."

20. As described more fully above, while plaintiff was incarcerated at the WCADF, the defendants, acting under color of law and within the scope of their respective positions in the Sheriff's Department, withheld prescribed medications for her diabetes and failed to provide her with adequate medical attention.

**ANSWER**: Defendants deny the allegations set forth in paragraph 20.

21. The conduct of the Correctional Officers and Health Care Providers was objectively unreasonable and deliberately indifferent to plaintiff's objectively serious medical needs.

**ANSWER**: Defendants deny the allegations set forth in paragraph 21.

22. The misconduct was undertaken with malice, willfulness and reckless indifference to the rights of others including by the plaintiff.

**ANSWER**: Defendants deny the allegations set forth in paragraph 22.

23. The actions of the Correctional Officers and Health Care providers proximately caused the injuries suffered by the plaintiff.

**ANSWER**: Defendants deny the allegations set forth in paragraph 23.

24. The misconduct described in this Court was undertaken pursuant to the policy and practice of the Will County Sheriff's Department, which operates the Will County Adult Detention Center and other detention facilities, and for which Will County Sheriff Paul J. Kaupas is responsible, in that:

a. As a matter of both policy and practice, the Will County Sheriff's Department directly encourages, and is thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control its correctional officers and health care providers such that its failure to do so manifests deliberate indifference. Specifically, these defendants provide woefully inadequate medical attention to persons like plaintiff who are incarcerated at the WCADF and in need, and/or withhold prescribed medicines needed to treat serious medical conditions from these persons;

b. As a matter of both policy and practice, the Will County Sheriff's Department facilitates the very type of constitutional violation at issue here by failing to adequately punish

and discipline prior instances of correctional officers and health care providers' failure to provide adequate medical attention to persons like plaintiff who are incarcerated at the WCADF; and/or withhold prescribed medicines needed to teat serious medical conditions from these persons;

c.  Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, correctional officers and health care providers at the WCADF frequently violate the constitutional rights of citizens by failing to provide adequate medical attention and/or withheld prescribed medicines needed to treat serious medical conditions in a manner similar to that alleged by the plaintiff in this Count and yet the Will County Sheriff's Department only finds acts of wrongdoing in a disproportionately small number of case;

d.  Policy makers with final authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the WCADF, by which correctional officers and health care providers fails to report incidents of not providing adequate medical attention to persons like plaintiff who are incarcerated at the WCADF or report instances of withholding prescribed medication for serious medical conditions as prescribed in this Count.

e.  The Will County Sheriff's Department has failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged in this complaint.

f.  The Will county Sheriff's Department has a stated policy of withholding prescribed medication for all persons including those persons like plaintiff who have serious medical needs and are incarcerated at the WCADF.

**ANSWER**: Defendants deny all of the allegations set forth in paragraph 24 and its subparts.

25.  As a result of the above-described wrongful infringement of plaintiff's rights, plaintiff has suffered damages, including but not limited needless pain and suffering, emotional

distress, additional medical care, surgeries, tests and prescription drugs which have harmful, residual side effects.

**ANSWER**: Defendants deny the allegations set forth in paragraph 25.

WHEREFORE, defendants, WILL COUNTY SHERIFF'S DPEARTMENT, WILL COUNTY SHERIFF PAUL J. KAUPAS, sued in his official capacity, and that judgment be entered in their favor and against plaintiff.

### COUNT II – State Law Claim
### Personal Injury

1.-25. Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 25 of Count I as paragraphs 1-25 in Count II.

**ANSWER**: Defendants restate and reincorporate their answers to paragraphs 1-25 for their answer to paragraph "1-25."

26. On December 16, 2006, and a long time prior thereto, defendants, Will County Sheriff's Department and Will County Sheriff, Paul J. Kaupas, were duly authorized to, manage, operate, control and maintain a fleet of vehicles, including but not limited to, paddy wagons, squad cars, unmarked vehicles and others within the County of Will, State of Illinois.

**ANSWER**: Defendants deny the allegations set forth in paragraph 26.

27. That on said date, and a long time prior thereto, the defendants, maintained, inspected, repaired, operated and controlled a paddy wagon that was used to transport the plaintiff on December 16, 2006 to a Will County health center in Will County, Illinois.

**ANSWER**: Defendants deny the allegations set forth in paragraph 27.

28. That on said date, prior to transporting to the health center, plaintiff was placed in metal restraints affixed to her arms and legs which impeded her balance and mobility.

**ANSWER**: Defendants admit that plaintiff was placed in metal restraints, but deny the remainder of the allegations set forth in paragraph 28.

29. While stepping into the rear of the paddy wagon vehicle unaided, plaintiff suddenly and without warning, fell because the step, which was in disrepair, gave way causing severe inquires to her left extremity.

**ANSWER**: Defendants deny the allegations set forth in paragraph 29.

30. Defendant knew or should have known that the entrance step to the back of the paddy wagon was broken and in disrepair prior to the time of plaintiff' fall.

**ANSWER**: Defendants deny the allegations set forth in paragraph 30.

31. That on said date, the defendants, by and through their agents, maintained, inspected, repaired, operated and controlled said paddy and had a duty to those persons including plaintiff, to exercise reasonable care for their safety.

**ANSWER**: Defendants deny the allegations set forth in paragraph 31.

32. That not withstanding said duty, the defendants, by and through their agents, were guilty of one or more of the following negligent acts of omission:

    a. Failed to inspect, maintain, repair and replace the rear step of the paddy wagon knowing that such step was broken and in disrepair;

    b. Carelessly and negligently allowed plaintiff to enter the year of the paddy wagon, knowingly said paddy wagon had a step in disrepair, and further knew or should have known that the plaintiff would more thank likely fall since she was unassisted and impeded by the restraints defendants placed upon her person.

    c. Failed to warn plaintiff that the rear step of the paddy wagon was broken knowing that plaintiff could fall;

9

**ANSWER**: Defendants deny the allegations set forth in paragraph 32 and its subparts.

33.     That as a direct and proximate cause of one or more of the aforesaid negligent acts or omissions on the part of the defendants, the plaintiff, fell onto the ground causing her to sustain severe injuries to her person. The plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of such injuries.

**ANSWER**: Defendants deny the allegations set forth in paragraph 33.

WHEREFORE, defendants, WILL COUNTY SHERIFF'S DPEARTMENT, WILL COUNTY SHERIFF PAUL J. KAUPAS, sued in his official capacity, and that judgment be entered in their favor and against plaintiff.

### COUNT III – State Law Claim

### Intentional Infliction of Emotional Distress

1.–33.  Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 33 of Count II as paragraphs 1 – 33 in Count III.

**ANSWER**: Defendants restate and reincorporate their answers to paragraphs 1-3 for their answer to paragraph "1-33."

34.     As described more fully in the preceding paragraphs, the unknown Correctional Officers and Health Care Providers, engaged in extreme and outrageous conduct with respect to plaintiff, to wit, they refused to provide her with adequate medical attention and refused to provide her prescribed medication despite her objectively serious medical needs.

**ANSWER**: Defendants deny the allegations set forth in paragraph 34.

35. This misconduct described in this Count was rooted in an abuse of power or authority.

**ANSWER**: Defendants deny the allegations set forth in paragraph 35.

36. The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

**ANSWER**: Defendants deny the allegations set forth in paragraph 36.

37. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of plaintiff and others.

**ANSWER**: Defendants deny the allegations set forth in paragraph 37.

38. As a proximate result of this misconduct, plaintiff suffered severe and unwanted additional pain and suffering and emotional distress and anguish.

**ANSWER**: Defendants deny the allegations set forth in paragraph 38.

WHEREFORE, defendants, WILL COUNTY SHERIFF'S DPEARTMENT, WILL COUNTYSHERIFF PAUL J. KAUPAS, sued in his official capacity, and that judgment be entered in their favor and against plaintiff.

## JURY DEMAND

Defendants, WILL COUNTY SHERIFF'S DPEARTMENT, WILL COUNTY SHERIFF PAUL J. KAUPAS, sued in his official capacity, hereby demands a trial by jury pursuant to Federal Rules of Civil Procedures 38(b) on all issues so triable.

## AFFIRMATIVE DEFENSES

1. The unknown individual defendants' conduct was reasonable, not willful and

wanton, at all times relevant hereto and thus the defendants is entitled to immunities under the Illinois Local Government and Governmental Employee Tort Immunity Act (745 ILCS 10/1-101 et seq.), including but not limited to 745 ILCS 10/2-109 and 745 10/2-202.

2. Plaintiff is not entitled to choose her course of treatment and thus, the conduct of the medical staff did not rise to the level of deliberate indifference. *See Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006) ("Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient.").

3. The Sheriff and correctional officers can rely on the medical staff's medical judgment and thus, correctional defendants were not deliberately indifferent to plaintiff's serious medical needs. *Perkins v. Lawson,* 312 F.3d 872, 875-876 (7th Cir. 2002), *see also Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir. 2004).

4. Sheriff's maintenance of the vehicle was at all times reasonable, and thus they are immune from liability. (745 ILCS 10/1-101 et seq., 745 ILCS 10/3-102)

                Respectfully submitted,

By: s/Daniel F. Gallagher
     One of the Attorneys for Defendant,

WILL COUNTY SHERIFF'S DEPARTMENT,
PAUL J. KAUPAS, SHERRIF OF WILL COUNTY,
in his official capacity.

Daniel F. Gallagher
Paul O'Grady
Dominick L. Lanzito
Mary Mc Clellan
Querrey & Harrow, Ltd.
175 West Jackson Blvd., Suite 1600
Chicago, IL 60604-2827
(312) 540-7000
Document #: 1295654